IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PETWELL IP LLC<br>3075 Lois Lane,<br>Alcoa, TN 37701<br><br>*Plaintiff*,<br><br>v.<br><br>PETWELL VETERINARY CENTER INC.<br>36 Blue Heron Ct.<br>Baltimore, MD 21220<br><br>SERVE ON RESIDENT AGENT:<br>OMOBOLAJI ENIOLA<br>8113 Harford Road<br>Suite 100 Baltimore, MD 21234<br><br>EUNICE OWOEYE<br>36 Blue Heron Ct.<br>Baltimore, MD 21220<br><br>OMOBOLAJI ENIOLA<br>8113 Harford Road<br>Suite 100 Baltimore, MD 21234<br><br>*Defendants* | Civil Action No._____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND
OTHER LANHAM ACT VIOLATIONS UNDER 15 U.S.C. §§ 1114, 1125**

This is an action under the laws of the United States, Title 15 of the United States Code, for trademark infringement, false designation of origin, false advertising, unfair competition, passing off, and unjust enrichment under 15 U.S.C. §§ 1114, and 1125(a)(1)(A) and (B), in which plaintiff, PETWELL IP LLC ("Plaintiff"), makes the following allegations against defendants, Ombolaji Eniola, Eunice Owoeye, and Petwell Veterinary Center Inc. ("Defendant(s)").

**PARTIES**

1.  Plaintiff is a Tennessee Limited Liability Company, having its primary office at 3075 Lois Lane, Alcoa, Tennessee, United States, 37701.

2. Upon information and belief, Defendant, Petwell Veterinary Center Inc., ("Petwell Veterinary Center") is a Corporation organized in Maryland and maintains a principal place of business at 36 Blue Heron Ct., Baltimore, Maryland 21220.

3. Upon information and belief, Defendant, Eunice Owoeye, is an individual residing within Maryland and maintains a principal place of business at Petwell Veterinary Center, 36 Blue Heron Ct., Baltimore, Maryland 21220. Upon information and belief, Eunice Owoeye is the director of Petwell Veterinary Center, Defendant.

4. Upon information and belief, Defendant, Omobolaji Eniola, is an individual residing within Maryland and maintains a principal place of business at Petwell Veterinary Center, 8113 Harford Road, Suite 100, Parkville, Maryland 21234. Upon information and belief, Omobolaji Eniola is the owner of Petwell Veterinary Center, Defendant.

## JURISDICTION AND VENUE

5. This action arises under the commerce and trade laws of the United States, Title 15 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1)&(2).

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff has registered a number of trademarks (the "Trademarks") with the USPTO that are associated and identified with its business activities.

8. Plaintiff's Trademarks include the federally registered trademark rights to "PETWELL" (USPTO Reg. No. 5855140):

Created
2024-10-21 19:13

**Trademark**

# PetWell

**Wordmark**
PETWELL

**Serial number**
88124013

**Status**
LIVE   REGISTERED

**Goods and services**
IC 044: Veterinary services.

**Register**
PRINCIPAL

**Dates**
Filing date            2018-09-19
Registration date      2019-09-10

**Current filing basis**
1a

**Registration number**
5855140

**Owner**
PETWELL IP LLC (LIMITED LIABILITY COMPANY; TENNESSEE, USA); 3075 LOIS LANE, ALCOA, Tennessee 37701, UNITED STATES

**Mark type**
SERVICE MARK

**Mark drawing code**
(4) Standard character drawing

**Attorney of record**
Clifford D Hyra

This mark has been in use in commerce at least since 2011.

9.   Plaintiff's Trademarks include the federally registered trademark rights to "PETWELLCLINIC" (USPTO Reg. No. 6633081):

**Created**
2024-10-21 19:16

**Trademark**

# PETWELLCLINIC

**Wordmark**
PETWELLCLINIC

**Serial number**
90575512

**Status**
LIVE  REGISTERED

**Goods and services**
IC 044: veterinary services.

**Register**
PRINCIPAL

**Dates**
Filing date                          2021-03-12
Registration date              2022-02-01

**Current filing basis**
1a

**Registration number**
6633081

**Owner**
PETWELL IP LLC (LIMITED LIABILITY COMPANY; TENNESSEE, USA); 3075 LOIS LANE, ALCOA, Tennessee 37701, UNITED STATES

**Mark type**
SERVICE MARK

**Mark drawing code**
(4) Standard character drawing

**Attorney of record**
Clifford D Hyra

This mark has been in use in commerce at least since 2011.

10. Plaintiff's Trademarks include the federally registered trademark rights to  (USPTO Reg. No. 4121267):

[4]

**Created**
2024-10-23 17:12

**Trademark**



**Wordmark**
PETWELLCLINIC

**Serial number**
85381765

**Status**

LIVE  REGISTERED

**Goods and services**
IC 044: Veterinary services.

**Register**
PRINCIPAL

**Dates**
Filing date                                  2011-07-26
Registration date                     2012-04-03

**Current filing basis**
1a

**Registration number**
4121267

**Owner**
PETWELL IP LLC (LIMITED LIABILITY COMPANY; TENNESSEE, USA); 3075 LOIS LANE, ALCOA, Tennessee 37701, UNITED STATES

**Mark type**
SERVICE MARK

**Mark drawing code**
(3) Words plus design

**Attorney of record**
Clifford D Hyra

This registration is incontestable, and this mark has been in use in commerce at least since 2011.

11. Plaintiff licenses the Trademarks to a franchise veterinary business, PetWell Franchisor LLC, which in turn sublicenses the Trademarks to its franchisees, including PWMD Holdings LLC, a Maryland limited liability company that operates a veterinary clinic under the PetWell mark in North Bethesda, Maryland, and PWC Columbia, LLC, a Maryland limited liability company that operates a veterinary clinic under the PetWell mark in Columbia, Maryland.

12. PetWell Franchisor LLC actively uses the Trademarks in commerce now, for example as shown on its website petwellclinic.com:



13. All goodwill accruing from use of the Trademarks by PetWell Franchisor LLC or the franchisees, including PWC Columbia, LLC, accrues to Plaintiff according to the terms of the written license agreement between Plaintiff and PetWell Franchisor LLC and the written franchise agreement between PetWell Franchisor LLC and the franchisees.

14. Upon information and belief, Defendants own and operate a veterinary center at 8113 Harford Road, Suite 100, Parkville, Maryland 21234, approximately 30 miles from Plaintiff's licensee's Columbia, Maryland franchise location.

15. In May of 2020, Defendants renamed their veterinary center to "Petwell Veterinary Center". Defendants also updated their business website to display "Petwell Vet Center" at the top of their webpage and in the domain. Their website displays a name change announcement when accessed:



16.  Upon information and belief, Defendants own and operate a Facebook account titled, "Pet Well Veterinary Center", and on May 12, 2020, Defendants posted an annoucement that it had changed its name to "Pet Well Veterinary Center":



17.  Upon information and belief, Defendants own and operate an Instagram account titled: "Petwellvetcenter":

[7]



18. On October 5, 2022, Plaintiff sent Defendants a letter ("First Letter") summarizing Defendant's unauthorized uses of Plaintiff's Trademarks – demanding that Defendants cease and desist from its infringing uses and putting Defendants on notice of its ongoing infringement of Plaintiff's Trademarks. Plaintiff requested a response by October 14, 2022. *See* **Exhibit A**.

19. On October 12, 2022, Defendant, Omobolaji Eniola, returned a signed response letter, stating she had "no problem changing the name" of Petwell Veterinary Center and asking to be allowed until June 2023 to make the relevant "changes to the website, bill boards, signage, business cards, inform IRS, State of Maryland, etc." due to the "time and money" involved. *See* **Exhibit B**.

20. Thereafter, Plaintiff allowed Defendants until June 2023 to make the relevant changes, by which time, Defendants had not ceased from the unauthorized and infringing uses of Plaintiff's Trademarks. In fact, Defendants continued to misrepresent Petwell Veterinary Center, its activities, and business through the unauthorized and infringing use of Plaintiff's Trademarks.

21. On January 30, 2024, Plaintiff sent Defendants a second cease and desist letter ("Second Letter"). *See* **Exhibit C**. The Second Letter again put Defendants on notice of its infringing activity, specifically, with respect to Defendant's use of the names "PETWELL

VETERINARY CENTER", "PETWELL VET CENTER", and the domain name petwellvetcenter.com.

22. Defendants continue to openly and defiantly infringe the Plaintiff's Trademarks, including on the Defendants' website and social media accounts:





23.     Upon information and belief, Defendants have taken money from customers under the business name "Petwell Veterinary Center" and/or "Petwell Vet Center".

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

24.     Plaintiff herein restates and incorporates by reference paragraphs 5 – 23, above.

25.     Plaintiff is the exclusive owner and registrant of the Trademarks.

26.     Plaintiff's registrations of the Trademarks at the USPTO are valid and active, and in full force and effect.

27.     Plaintiff has used, and continues to use, its registered Trademarks in U.S. commerce.

28.     Defendants have, without the consent of the Plaintiff, used Plaintiff's Trademarks, reproductions of the Trademarks, counterfeits of the Trademarks, copies of the

Trademarks, and/or colorable imitations of the Trademarks in commerce ("Defendant's Infringing Uses") – which include, but are not limited to, applying such to signs and advertisements.

29. Defendants' Infringing Uses have been in connection with repeated and continuous distribution, advertising, registration, and publication of information and materials containing references to "PetWell" and "PetWell Vet" and using the "PetWell" term in association with the Plaintiff's registered veterinary services.

30. Defendants' Infringing Uses of Plaintiff's Trademarks occurred, and occur, in identical commercial fields for identical commercial services, *e.g.*, veterinary services.

31. Defendants' Infringing Uses of Plaintiff's Trademarks include Defendants receiving money from individuals – by misleading and deceiving those individuals as to Defendants' relationship, affiliation or sponsorship with or by Plaintiff, using Plaintiff's Trademarks.

32. Defendants' Infringing Uses of Plaintiff's Trademarks – especially when considered in light of its knowing and defiant continued use – have been intentional, presumably to create a false impression of affiliation, authorization or sponsorship.

33. Defendants' infringing uses have, therefore, been and are likely to cause confusion or mistake as to Defendants' association, affiliation, or relationship with Plaintiff. Such confusion or mistake is probable, given the relatedness of Defendants' infringing uses.

34. Defendants' Infringing Uses and willful conduct in relation thereto constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

35. Plaintiff has been and will continue to be harmed by Defendants' Infringing Uses. Defendants' conduct has irreparably harmed Plaintiff and will continue to do so unless enjoined by this Court.

36. As a result of Defendants' conduct, Plaintiff has been harmed and is entitled to damages, including but not limited to, actual damages, statutory damages, treble damages, and corrective advertising damages.

37. The harm caused to Plaintiff's business, goodwill, reputation, and finances are a direct and proximate result of Defendants' intentional, deliberate, and willful use of Plaintiff's Trademarks in an infringing manner.

38. The intentional, deliberate, and willful actions of Defendants render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

39. The damage caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendants is enjoined from such conduct.

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)(1)(A)

40. Plaintiff herein restates and incorporates by reference paragraphs 5 – 39, above.

41. Defendants have, without the consent of the Plaintiff, used the Trademarks – including, but not limited to, words, terms, names, symbols, and combinations thereof.

42. Defendants have, without the consent of the Plaintiff, used the Trademarks in false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, regarding the Trademarks.

43. Defendants' unlawful usage of Plaintiff's Trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants activities with the Plaintiff.

44. Defendant's unlawful usage of Plaintiff's Trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' commercial activities by the Plaintiff.

45. Defendants' unlawful usage of Plaintiff's Trademarks has caused confusion, mistake and deception as to the origin, sponsorship, or approval of Defendants' commercial activities by the Plaintiff.

46. Defendant's Infringing Uses of Plaintiff's Trademarks include Defendants receiving money from individuals – by misleading and deceiving those individuals as to Defendants' relationship, affiliation or sponsorship with or by Plaintiff, using Plaintiff's Trademarks.

47. Defendants' unlawful usage of Plaintiff's Trademarks is willful and deliberate.

48. Defendants have acted purposefully to create a false or misleading association in order to trade off of the extensive goodwill that Plaintiff's Trademarks have established.

49. Defendants' unlawful usage of Plaintiff's Trademarks and willful conduct in relation thereto constitute false designation of origin and false descriptions in violation of 15 U.S.C. § 1125(a)(1)(A).

50. Plaintiff has been and will continue harmed by Defendants' unlawful usage of Plaintiff's Trademarks. Defendants' conduct has irreparably harmed Plaintiff and will continue to do so unless enjoined by this Court.

51. As a result of Defendants' unlawful usage of Plaintiff's Trademarks, Plaintiff has been harmed and is entitled to damages, including but not limited to, actual damages, statutory damages, treble damages, and corrective advertising damages.

52. The harm caused to Plaintiff's business, goodwill, reputation, and finances are a direct and proximate result of Defendants' intentional, deliberate, and willful misuse of Plaintiff's Trademarks in an unlawful manner.

53. The intentional, deliberate, and willful actions of Defendants render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

54. The damage caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendants' are enjoined from such conduct.

## COUNT III
## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B)

55. Plaintiff herein restates and incorporates by reference paragraphs 5 – 54, above.

56. Defendants have, without the consent of the Plaintiff, used the Trademarks – including, but not limited to, words, terms, names, symbols, and combinations thereof.

57. Defendants have, without the consent of the Plaintiff, used the Trademarks in false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, regarding the Trademarks.

58. Defendants have, without the consent of the Plaintiff, used the Trademarks in commercial advertising and promotion.

59. Defendants' unlawful usage of Plaintiff's Trademarks in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of its commercial activities.

60. Defendants' unlawful usage of Plaintiff's Trademarks has caused confusion, mistake and deception as to the origin, sponsorship, or approval of its commercial activities by the Plaintiff.

61. Defendants' Infringing Uses of Plaintiff's Trademarks include Defendants receiving money from individuals – by misleading and deceiving those individuals as to Defendants' relationship, affiliation or sponsorship with or by Plaintiff, using Plaintiff's Trademarks.

62. Defendants' unlawful usage of Plaintiff's Trademarks is willful and deliberate.

63. Defendants have acted purposefully to falsely advertise and promote its activities in order to trade off of the extensive goodwill that Plaintiff's Trademarks have established.

64. Defendants' unlawful usage of Plaintiff's Trademarks and willful conduct in relation thereto constitute false advertising of the Trademarks in violation of 15 U.S.C. § 1125(a)(1)(B).

65. Plaintiff has been and will continue harmed by Defendants' unlawful usage of Plaintiff's Trademarks. Defendants' conduct has irreparably harmed Plaintiff and will continue to do so unless enjoined by this Court.

66. As a result of Defendants' unlawful usage of Plaintiff's Trademarks, Plaintiff has been harmed and is entitled to damages, including but not limited to, actual damages, statutory damages, treble damages, and corrective advertising damages.

67. The harm caused to Plaintiff's business, goodwill, reputation, and finances are a direct and proximate result of Defendants' intentional, deliberate, and willful misuse of Plaintiff's Trademarks in an unlawful manner.

68. The intentional, deliberate, and willful actions of Defendants render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

69. The damage caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendants are enjoined from such conduct.

## COUNT IV
## INJUNCTIVE RELIEF UNDER 15 U.S.C. § 1116(a)

70. Plaintiff herein restates and incorporates by reference paragraphs 5 – 69, above.

71. Plaintiff has shown, herein, that Defendants have unlawfully used Plaintiff's Trademarks in violation of 15 U.S.C. §§ 1114, 1125(a)(1)(A) and 1125(a)(1)(B).

72. Plaintiff has shown, herein, that Defendants' infringement of Plaintiff's Trademarks is willful, deliberate and ongoing.

73. Plaintiff has shown, herein, that Plaintiff has been, and will continue to be, harmed by Defendants' infringement of Plaintiff's Trademarks.

74. Plaintiff has shown, herein, that Plaintiff has been irreparably harmed by Defendants' infringement of Plaintiff's Trademark, and that Defendants will continue to do so unless enjoined by this Court.

75. The damages caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendants are enjoined from such conduct.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendants intentionally violated 15 U.S.C. § 1114;

b. A judgment in favor of Plaintiff that Defendants intentionally violated 15 U.S.C. § 1125(a)(1)(A);

c.  A judgment in favor of Plaintiff that Defendants intentionally violated 15 U.S.C. § 1125(a)(1)(B);

d.  A judgment and order requiring Defendant to pay Plaintiff monetary damages – in an amount to be determined at trial – in addition to awarding Plaintiff's attorney's fees, costs, expenses, enhanced and/or exemplary damages, and pre-judgment and post-judgment interest;

e.  A permanent injunction enjoining Defendants and others acting in concert with Defendants from using, advertising or publicizing any information that includes or refers to Plaintiff's Trademarks; and

f.  Any and all other relief to which Plaintiff may show itself to be entitled.

Respectfully Submitted,

**WRIGHT, CONSTABLE & SKEEN**

/s/ James Archibald
James K. Archibald
D. MD Bar No. 00097
MD Bar No. 751201008
Wright, Constable & Skeen
1 Olympic Place, Suite 800
Towson, MD 21204
Ph.: 410-659-1326
jarchibald@wcslaw.com

**FRESH IP PLC**

/s/ Cliff Hyra
Clifford D. Hyra
VA Bar No. 75,021
Fresh IP PLC
11710 Plaza America Drive, Suite 2000
RESTON VIRGINIA 20190
Ph.: 866-913-3499
Cliff@FreshIP.com

*Pro Hac Vice* **Motion Forthcoming**

**ATTORNEYS FOR PLAINTIFF
PETWELL IP LLC**

Date: March 31, 2025